# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LELA KYLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:14-CV-02387 |
| JAMES K. BRANNON, M.D. | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT JAMES K. BRANNON, M.D.'S ANSWER
## TO PLAINTIFF'S COMPLAINT

COMES NOW defendant James K. Brannon, M.D., by and through his undersigned counsel, and for his answer to Plaintiff's Complaint, states as follows:

1. This defendant is without sufficient information or knowledge to either admit or deny the truth of the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. This defendant admits that he is a resident of Leawood, Johnson County, Kansas.

3. This defendant is without sufficient information or knowledge to either admit or deny the truth of the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. This defendant is without sufficient information or knowledge to either admit or deny the truth of the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5. This defendant is without sufficient information or knowledge to either admit or deny the truth of the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6. This defendant admits that Lela Kyle was a patient of his during the dates reflected in her medical records. This defendant is without sufficient information or knowledge to either admit or deny the truth of the truth of the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7. This defendant admits that he provided certain medical care and treatment to Lela Kyle as set forth generally in his medical records. This defendant is without sufficient information or knowledge to either admit or deny the truth of the remaining allegations set forth in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. This defendant admits that he provided certain medical care and treatment to Lela Kyle as set forth generally in his medical records. This defendant is without sufficient information or knowledge to either admit or deny the truth of the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. This defendant is without sufficient information or knowledge to either admit or deny the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. This defendant is without sufficient information or knowledge to either admit or deny the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. This defendant admits that he performed surgery on Plaintiff's right knee on July 5, 2012.

12. This defendant admits that he performed surgery on Plaintiff's left hip on March 13, 2013.

13. This defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. This defendant denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. This defendant denies the allegations set forth in paragraph 15 of Plaintiff's Complaint. This defendant specifically denies any and all allegations of negligence. This defendant further denies that he caused or contributed to cause any injury, damage or harm to Lela Kyle.

## **FURTHER ANSWER**

For his further answer to the allegations contained in Plaintiff's Complaint, defendant James K. Brannon, M.D., alleges and states as follows:

1. This defendant denies any and all allegations not specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief can be grated against this answering defendant.

3. Pursuant to F.R.C.P. 12(b)(1) and (2), Plaintiff lacks subject matter jurisdiction and personal jurisdiction.

4. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations, including those set forth in K.S.A. 60-513(a)(7).

5. Any injuries or damages, which this defendant denies, were the direct and unavoidable consequence of Plaintiff's medical conditions, and any injuries or damages sustained by Plaintiff were not caused or contributed to in any degree by any negligence or fault on the part of this answering defendant.

6. In the alternative, any injuries or damages sustained by Plaintiff were directly and proximately caused or contributed to by the negligence or fault of other persons over whom this answering defendant had no control and for whom this answering defendant bears no legal responsibility.

7. In the event Plaintiff sustained any injury or damage, then such injury or damage was directly and proximately caused by, or contributed to by, the fault of other parties to this lawsuit and/or persons or entities currently unknown such that Plaintiff's claims are barred or should be reduced by the comparative negligence or fault of other parties in this litigation, or the comparative negligence or fault of the persons or entities currently unknown, pursuant to K.S.A. 60-258a.

8. The negligence or fault of the parties in this case should be compared by the trier of fact, and any negligence or fault assessed to Plaintiff by the trier of fact should act to bar any recovery to Plaintiff, or should reduce any recover to Plaintiff, all in accordance with the laws of the State of Kansas.

9. In the alternative, the fault among the parties in this case should be apportioned by the trier of fact and this defendant should be held liable only for such percentage of fault, if any, as apportioned to it by the trier of fact, all in accordance with the laws of the State of Kansas.

10. This defendant specifically reserves the right to assert any further or additional defenses that may be discovered or become apparent through the course of discovery.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, defendant James K. Brannon, M.D., prays that plaintiff take nothing against him by this

Complaint, that he be discharged with an award of his costs incurred and expended herein, and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/Brent G. Wright
Brent G. Wright            KS #16297
Emily Perry              KS #26091
Horn Aylward & Bandy, LLC
2600 Grand Blvd., Suite 1100
Kansas City, Missouri 64108
(816) 421-0700
(816) 421-0899 (fax)
bwright@hab-law.com
eperry@hab-law.com

Attorneys for Defendant
James K. Brannon, M.D.

**CERTIFICATE OF SERVICE**

This will certify that on the 29th day of August, 2014, a copy of the above and foregoing document was served on the following counsel of record via ☐ United States first-class mail, postage prepaid ☐ facsimile X email ☐ hand delivery ☐ Federal Express
Xelectronic filing:


Mark Beam-Ward
Beam-Ward, Kruse, Wilson, & Fletes, LLC
8695 College Boulevard, Suite 200
Overland Park, KS 66210
(913) 339-6888
(913) 339-9653 (fax)
mbeamward@bkwflaw.com
Attorney for Plaintiff


                                             /s/Brent G. Wright
                                             Attorney